UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mindy Goodman, | 18-cv-04488 (ARR) (SJB) |
| Plaintiff, | |
| — against — | |
| Mercantile Adjustment Bureau, LLC | Opinion and Order |
| Defendant. | |

ROSS, United States District Judge:

Plaintiff, Mindy Goodman, brings this putative class action against defendant Mercantile Adjustment Bureau, LLC, a debt collector. She alleges that defendant violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, by mailing her a debt collection letter that misrepresented her ability to dispute the alleged debt, thus engaging in "false, deceptive, or misleading" debt collection practices. Defendant has moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint fails to state a claim upon which relief can be granted. For the following reasons, defendant's motion is granted.

## BACKGROUND

In August 2017, Mercantile Adjustment Bureau, LLC ("defendant"), a debt collection agency that had previously acquired the rights to collect on defaulted consumer debt, sent Mindy Goodman ("plaintiff") a debt collection letter by mail. Compl. ¶¶ 9–12, ECF No. 1. The letter[1]

---

[1] When ruling on a motion to dismiss, courts are ordinarily limited to review of the "facts as asserted within the four corners of the complaint." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (citing *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002)). However, when a plaintiff attaches an exhibit to the complaint or refers repeatedly to an external document, thus incorporating it "in the complaint by reference," the court may consider that document on a motion to dismiss. *Id.* Here, plaintiff attached the debt collection letter she received from defendant as an exhibit to her complaint, and she quotes extensively from it in the complaint;

1

indicated that plaintiff owed $1,936.27 to Bank of America. *See* Compl., Ex. A, ECF No. 1-2 ("August 2017 Letter"). It listed plaintiff's current and previous account numbers and disclosed the amount of interest, charges, fees, and credits associated with the debt. *Id.* In the top right-hand corner of the letter, in a section defendant refers to as the letter's "Address Block," defendant provided its contact information as follows:

> 165 Lawrence Bell Drive, Suite 100
> Williamsville, NY 14421-7900
> 1-866-513-9461
> **Please send payment or correspondence to:**
> Mercantile Adjustment Bureau, LLC
> PO Box 9055
> Williamsville NY 14231-9055

*Id.* (emphasis in original); *see also* Def.'s Br. 1–2, ECF No. 17-1. A perforated line separates the Address Block from the beginning of the letter, instructing consumers to "Detach and Return This Portion with Your Payment." August 2017 Letter. In the middle of the letter, defendant again listed its phone number ("Phone Number: 1-866-513-9461"), followed by a notice that informs consumers of their right to dispute and seek verification of the debt they are alleged to owe. *Id.* The notice reads:

> Unless you notify the office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id.* Finally, at the very bottom of the letter, defendant repeated its contact information, providing

---

accordingly, I consider the letter in deciding this motion.

2

its street address ("165 Lawrence Bell Drive") and its phone number ("1-866-513-9461"), and informing consumers of its office hours. *Id.* In total, the one-page letter lists defendant's phone number in three separate locations and informs plaintiff that "Calls to or from this company may be monitored or recorded," thus reaffirming that defendant's office accepts—and is ready to answer—phone calls from consumers. *Id.*

Approximately one year after receiving the letter, plaintiff filed suit against defendant on behalf of herself and a class of other similarly-situated consumers. *See* Compl. She alleges that the section of defendant's letter that directs plaintiff and other recipients to "**send payment and correspondence**" to a specific post office box address is misleading, as it "would lead an unsophisticated consumer to conclude that her option to dispute the debt[] could only be in writing" and that she "has no option to make an oral dispute." *Id.* ¶¶ 13, 16, 19. Though plaintiff acknowledges that the letter provides defendant's phone number, she alleges that the phone number contained in the letter "refers only to payments" rather than to disputes. *Id.* ¶ 15. Further, she alleges that the bolded language directing consumers to send payments and correspondence to defendant's post office box address "overshadow[s] and contradict[s] the validation notice" that provided consumers with information about their rights, as it leaves them "with a false notion that disputing an alleged debt requires a <u>written</u> communication to be sent to the above mentioned address." *Id.* ¶ 20 (emphasis in original).

Plaintiff asserts that the debt collection letter violates three sections of the FDCPA: (1) section 1692e, which prohibits the general use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," (2) section 1692e(10), which specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," and (3) section

1692g(a)(4), which requires the debt collection agency to inform a consumer that she may seek verification of the debt by submitting a written dispute to the collector. Compl. ¶ 46. Section 1692g(a)(3) is not mentioned by name in plaintiff's complaint, but her opposition brief argues that the letter violates that statutory section, which requires a debt collector to inform a consumer that she may "dispute[] the validity of the debt" within thirty days of receipt of the notice. *See* Pl.'s Opp'n 2, 7, ECF No. 18.[2]

Defendant moved to dismiss plaintiff's complaint on November 5, 2018, and the motion was fully-briefed on December 31, 2018. *See* Def.'s Br.; Def.'s Reply, ECF No. 19. In the meantime, on consent of both parties, Magistrate Judge Bulsara stayed discovery in the case pending this court's decision on defendant's motion to dismiss. *See* Order, Nov. 2, 2018.

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *County of Erie v. Colgan Air, Inc.*, 711 F.3d 147, 149 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Though a plaintiff need not include "detailed factual allegations" in the complaint, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In considering a motion to dismiss brought pursuant to Rule 12(b)(6),

---

[2] Though the bulk of plaintiff's arguments in her opposition brief revolve around defendant's alleged violation of section 1692g(a)(3), plaintiff switches course midway through her brief and appears to argue, in the alternative, that defendant's actions violate section 1692g(a)(4). In this section of her argument, plaintiff alleges that the debt collection letter actually *encourages* consumers to dispute their debt by telephone, thus obscuring the fact that the manner in which a plaintiff disputes her debt triggers different rights under the statute. *See* Pl.'s Opp'n 7–12; *see also* Def.'s Reply 8–10, ECF No. 19. As I explain below, *infra* Discussion pt. II, this line of argument completely contradicts the factual allegations contained in plaintiff's complaint, and, moreover, it is meritless.

4

the court must construe a complaint liberally, "accepting all factual allegations . . . as true, and drawing all reasonable inferences in the plaintiff's favor." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (quoting *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The factual allegations contained in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## DISCUSSION

### I. The Fair Debt Collection Practices Act

"The purpose of the FDCPA is to eliminate abusive debt collection practices and establish 'certain rights for consumers whose debts are placed in the hands of professional debt collectors.'" *Kagan v. Selene Fin. L.P.*, 210 F. Supp. 3d 535, 541 (S.D.N.Y. 2016) (quoting *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002)). Generally, the statute requires that debt collectors provide "fair notice to debtors of their rights." *Weber v. Comput. Credit, Inc.*, 259 F.R.D. 33, 37 (E.D.N.Y. 2009). As part of this requirement, section 1692e forbids the use of "false, deceptive, or misleading representation[s]" by debt collectors that might deprive consumers of information pertaining to their rights under the statute. Section 1692g contains a more specific list of the rights afforded to consumers, and mandates that debt collectors send consumers a "validation notice"— either at the same time or within five days of an initial communication regarding the alleged debt. That notice must contain a number of important items of information, including "the amount of the debt," the "name of the creditor to whom the debt is owed," and information regarding the debtor's rights to dispute the validity of the debt and to make a written request to have the debt collector verify that the consumer actually owes the debt to the creditor. *See Lotito v. Recovery*

*Assocs. Inc.*, No. 13-CV-5833 (SJF)(AKT), 2014 WL 4659464, at *3 (E.D.N.Y. Sept. 17, 2014).

Of particular relevance to the instant motion, section 1692g(a)(3) requires debt collectors to inform consumers that "the debt will be assumed to be valid" unless the consumer "disputes the validity of the debt, or any portion thereof," within thirty days of receipt of the validation notice. Section 1692g(a)(4) separately provides that the notice must inform the consumer that the debt collector "will obtain verification of the debt" if the consumer "notifies the debt collector *in writing*" that the debt is disputed (emphasis added). A circuit split has developed over the relationship between these two subsections of the statute. Though section 1692g(a)(3) "does not state that a writing is required" to dispute a debt, *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 284 (2d Cir. 2013), some courts have read such a requirement into the statute, concluding that "subsection (a)(3), like subsection[] (a)(4) . . . , contemplates that any dispute, to be effective, must be in writing." *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). The Second Circuit disagrees; in a 2013 opinion, it held that it saw "no reason to ignore this difference in statutory language," and concluded that the statute, as written, allows a consumer to make an oral dispute after receiving the collection letter. *Hooks*, 717 F.3d at 286. However, consistent with section 1692g(a)(4), a consumer can obtain *verification* of the debt only if her dispute is communicated in writing. *Id.; see also In re Risk Mgmt. Alts., Inc., Fair Debt Collection Practices Litig.*, 208 F.R.D. 493, 502 (S.D.N.Y. 2002) ("[A] collection letter must be crafted in such a way that the least sophisticated consumer would understand that (1) she could raise a dispute in many ways, but (2) she could get verification of the debt and the name and address of the original creditor only if she disputed it in writing.").

It is well-established that a debt collector's communication of the information required by section 1692g is not, on its own, "sufficient to insulate a debt collector from liability." *Vetrano v.*

*CBE Grp, Inc.*, No. CV 15-3185 (JS) (AKT), 2016 WL 4083384, at *5 (E.D.N.Y. Aug. 1, 2016). Put differently, a debt collector's letter will violate section 1692g if it "contains language that 'overshadows or contradicts' other language informing a consumer of her rights." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996). Post-*Hooks*, a debt collector violates the statute if it communicates, either "directly or indirectly, that consumers may only enforce their right to dispute an alleged debt in writing." *Balke v. All. One Receivables Mgmt., Inc.*, No. 16-cv-5624(ADS)(AKT), 2017 WL 2634653, at *7 (E.D.N.Y. June 19, 2017).

When evaluating whether a letter violates sections 1692g or 1692e, courts apply "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." *Russell*, 74 F.3d at 34 (discussing standard in context of section 1692g claims); *see also Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993) (discussing standard in context of section 1692e claims). For the purposes of a plaintiff's claim that the language of the letter overshadows or contradicts an otherwise compliant validation notice, the court must determine whether the letter, when read as a whole, "would make the least sophisticated consumer uncertain as to her rights." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008). This standard "best effectuates the Act's purpose," *Russell*, 74 F.3d at 34, as it is based on the reasonable assumption that "consumers of below-average sophistication . . . are especially vulnerable to fraudulent schemes" perpetrated by debt collectors. *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). "The hypothetical least sophisticated consumer does not have 'the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer.'" *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (quoting *Russell*, 74 F.3d at 34 (internal quotation marks omitted)).

Though courts are required to consider a letter from the standpoint of a consumer without

a background in law or familiarity with the debt collection process, "lack of sophistication is not to be conflated with unreasonableness." *Kagan*, 210 F. Supp. 3d at 542. Even the least sophisticated consumer has an incentive and desire "to read a collection notice with some care," *Ellis*, 591 F.3d at 135 (quoting *Greco v. Trauner, Cohen & Thomas, L.L.P*, 412 F.3d 360, 363 (2d Cir. 2005)), and the statute "does not aid plaintiffs whose claims are based on 'bizarre or idiosyncratic interpretations of collection notices.'" *Jacobson*, 516 F.3d at 90 (quoting *Clomon*, 988 F.2d at 1320)). Because the standard depends on a hypothetical "least sophisticated consumer," a letter's compliance with the FDCPA is often determined as a matter of law on a motion to dismiss. *See Vega v. Credit Bureau Enters.*, No. CIVA02CV1550DGT KAM, 2005 WL 711657, at *9 (E.D.N.Y. Mar. 29, 2005) ("[H]ow the least sophisticated consumer would interpret the defendant's form debt collection letter can be determined without the aid of expert testimony at trial."); *Abramov v. I.C. Sys., Inc.*, 54 F. Supp. 3d 270, 275 (E.D.N.Y. 2014) ("Notably, courts within the Second Circuit 'have not hesitated to dismiss claims brought pursuant to the FDCPA where the debt collection letter alleged to have run afoul of the statute does not, as a matter of law, provide the basis for a statutory violation.'" (quoting *Lerner v. Foster*, 240 F. Supp. 2d 233, 241 (E.D.N.Y. 2003))).

## II. Plaintiff has failed to state a claim under 15 U.S.C. § 1692g.

In order for a plaintiff to prevail on a claim brought under section 1692g, "three requirements must be met": (1) the plaintiff must be considered a "consumer" within the definition provided in the FDCPA, (2) the defendant must be a "debt collector," and (3) the defendant must have "engaged in any act or omission in violation of [the] FDCPA." *Kagan*, 210 F. Supp. 3d at 542. There is no dispute here that plaintiff is a "consumer" and defendant is a "debt collector"; the only question is whether plaintiff has stated a claim for a violation of section 1692g. *See* Def.'s

Br. 2; Pl.'s Opp'n 5.

Though both parties agree that the debt collection letter properly conveys the necessary disclosures in section 1692g, plaintiff argues that other language in the letter overshadows and contradicts the validation notice. Her principal argument is that the bolded language in the top right-hand corner of the debt collection letter, which directs the consumer to "**send payment or correspondence**" to a specific post office box address, misleads consumers into believing that they can dispute their debt only by submitting written communications to that same address. *See* Pl.'s Opp'n 5. Plaintiff argues that the "least sophisticated consumer" would be susceptible to this interpretation, thus violating the holding in *Hooks* that consumers must be able to dispute their debt orally as well as in writing, *see, e.g.*, *Kagan*, 210 F. Supp. 3d at 541. As a matter of law, I conclude that plaintiff has failed to meet her pleading obligation, as the debt collection letter sent by defendant contains a validation notice that accurately conveys the information required by the statute and does not "overshadow or contradict" that notice simply by providing consumers with an address for them to send "payments and correspondence."

Plaintiff's position relies in part on her assertion that the phone number provided by defendant "refers only to payments" and is not clearly intended to be used by consumers to communicate their disputes. Compl. ¶ 15. This argument is meritless. There is nothing on the face of the letter that limits the way in which a consumer is instructed to use the phone number provided by defendant. To the contrary, the letter provides defendant's phone number, without limitation or commentary, in several prominent positions—including in the middle of the letter, just above the section where defendant provides the proper validation notice. *See* August 2017 Letter ("Phone Number: 1-866-513-9461"). This fact distinguishes defendant's letter from the letter sent by the debt collector in *Balke v. Alliance One Receivables Management, Inc.* There, the letter instructed

the consumer that, if she was "experiencing financial difficulties," she could call the office to receive "assist[ance] . . . in negotiating a suitable arrangement." 2017 WL 2634653, at *8. This language expressly limited the ways in which a consumer was instructed to make use of the phone number, and the court found that it was not sufficient to "conclusively refute the Plaintiff's claim" that the letter presented misleading information about the manner in which the plaintiff should dispute a debt. *Id.*

Moreover, the mere fact that a collection letter does not expressly indicate that a phone number may be used to communicate a dispute does not mean that the letter overshadows or contradicts a properly-conveyed validation notice. In *Vetrano v. CBE Group, Inc.*, for example, the court held that the absence of language explaining that a phone number could be used to dispute a debt "does not itself overshadow or contradict the validation notice included in the letter which clearly advises Plaintiff of his right to dispute the validity of the debt." 2016 WL 4083384, at *7. Plaintiff's argument to the contrary—which relies on a quote from *Vetrano* in which Judge Tomlinson merely reiterated the plaintiff's argument in that case, without endorsing it—is demonstrably false. Pl.'s Opp'n 2; *see also* Def.'s Br. 11–12.

Additionally, plaintiff has failed to demonstrate that defendant's designation of a post office box address where "payment or correspondence" should be sent overshadows the consumer's right to convey disputes orally. I am persuaded by defendant's argument that this language is merely intended to communicate defendant's preference that physical correspondence be sent to defendant's post office box address, as opposed to its street address. *See* Def.'s Br. 10–11. More importantly, however, the cases cited by plaintiff to support her argument demonstrate that a letter's reference to a physical address overshadows the consumer's right to dispute debts by phone only where the validation notice is positioned near the potentially-confusing language,

thus increasing the chances that the least sophisticated consumer would be left "uncertain as to her rights." *Jacobson*, 516 F.3d at 90. In *Vetrano*, for example, the letter's instruction to consumers to "Forward written disputes" to a specific physical address was written directly above the validation notice. 2016 WL 4083384, at *8–9. Given the proximity between the confusing language and the otherwise-accurate statement regarding the consumer's rights, the court held that the language could be misleading. *Id.* at *9. The court repeatedly emphasized that these two sections of the letter—the accurate validation notice and the instruction to "[f]orward written disputes" to a specific address—were confusing "when read together"; it also indicated that a consumer would be likely to read the phrases together because the validation notice was positioned "[d]irectly below" the phrase regarding the physical address. *Id.* ("[T]he Court at this juncture cannot say that, as a matter of law, the phrase 'Forward written disputes to: PO Box 2635, Waterloo, IA 50704-2635" as written and *when read in conjunction with* the first sentence of the validation notice did not violate the FDCPA when viewed from the perspective of the least sophisticated consumer." (emphasis added)); *see also* Am. Compl. Ex. 1, at 1, *Vetrano v. CBE Grp., Inc.*, No. 15-cv-03185 (E.D.N.Y.), ECF No. 30-1.[3] Likewise, in *Balke*, the language instructing consumers to mail "any correspondence for this account" to defendant's street address was located in the same section of the letter that contained the proper validation notice, thus increasing the chances that a consumer

---

[3] I also note that, while plaintiff asks this court to "follow the reasoning and conclusion of the court in *Vetrano*," Pl.'s Opp'n 6, the court in that case was evaluating plaintiff's motion to amend his complaint rather than a motion to dismiss. As a result, the standard of review, while "similar to [the standard] when analyzing a motion to dismiss," is not exactly the same, as the court reviewing a motion to amend a complaint need not determine whether a complaint would ultimately survive a motion to dismiss and instead must only satisfy itself that the "proposed amendments . . . are not frivolous on their face." *Vetrano*, 2016 WL 4083384, at *3, *9 (quoting *UMG Recordings, Inc. v. Lindor*, No. CV-05-1095(DGT), 2006 WL 3335048, at *2 (E.D.N.Y. Nov. 9, 2006)). Moreover, other courts have declined to follow the reasoning of *Vetrano* because the court in that case did not refer explicitly to the Second Circuit's holding in *Hooks*. *See Thomas v. Midland Credit Mgmt., Inc.*, No. 2:17-cv-00523 (ADS)(ARL), 2017 WL 5714722, at *6 (E.D.N.Y. Nov. 27, 2017).

would read the two provisions together and be misled regarding her options to dispute the debt. 2017 WL 2634653, at *7; *see also* Am. Compl. at 16, *Balke v. All. One Receivables Mgmt, Inc.*, No. 16-cv-05624 (E.D.N.Y.), ECF No. 20.

In contrast, in this case, the language in defendant's letter regarding defendant's post office box address is in an entirely different section of the letter than the validation notice, and the two provisions are separated by a perforated line. August 2017 Letter. The validation notice is also positioned next to two references to defendant's phone number—the number itself, and the warning that "Calls to or from this company may be monitored or recorded." *Id.* Additionally, in connection with the post office box address, defendant's letter does not refer specifically to disputes made "in writing," distinguishing the letter in this case from the cases where courts have found that the provision of an address misrepresented a consumer's rights. *See, e.g., Abramov*, 54 F. Supp. 3d at 277 ("[T]he directive to the consumer debtor to dispute the debt 'in writing' . . . could have 'overshadowed' or 'contradicted' the first sentence of the first cited paragraph."); *Lotito*, 2014 WL 4659464, at *8 (holding that the language "dispute this matter in writing" "can reasonably be interpreted by the least sophisticated consumer as representing, incorrectly, that a debt dispute must be made in writing"); *see also Vetrano*, 2016 WL 4083384, at *8 (noting that the holdings in *Abramov* and *Lotito* were "based upon additional language in the collection letters which attempted to mandate an 'in writing' requirement to properly dispute a debt"). Finally, unlike the letter in *Balke*, which directed that "*all* correspondence" be sent to the defendant's physical address, 2017 WL 2634653, at *8 (emphasis added), the letter in this case merely instructs consumers that "correspondence"—if it is sent by mail—should be sent to defendant's post office box address. August 2017 Letter.

To the extent that the cases relied upon by plaintiff are not distinguishable from the instant

case, I am more persuaded by other cases that have concluded that a letter does not violate section 1692g when a "phone number appears without qualification directly below the statements regarding debt disputes." *Thomas*, 2017 WL 5714722, at *7; *see also Kagan*, 210 F. Supp. 3d at 545 ("Moreover, the Notice conspicuously provides [defendant's] telephone number immediately following the debt validation disclosures, which further evidences that oral disputes could be made" (internal citations omitted)). I am also mindful of the principle that even the "least sophisticated consumer" can be assumed "to read a collection notice with some care," *Ellis*, 591 F.3d at 135 (quoting *Greco v. Trauner, Cohen & Thomas, L.L.P*, 412 F.3d 360, 363 (2d Cir. 2005)), and therefore, the "least sophisticated consumer" standard does not authorize complaints based upon idiosyncratic or bizarre interpretations of debt collection letters, *Jacobson*, 516 F.3d at 90; *see also McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002) (holding that even where a letter may contain some ambiguity, there is no FDCPA violation if that ambiguity "dissipates when read in conjunction with" other language in the letter). As a result, given the Second Circuit's instruction that courts should read debt collection letters "as a whole," rather than focusing on potentially-confusing elements of particular phrases when read in isolation, *Shapiro v. Dun & Bradstreet Receivable Mgmt. Servs., Inc.* 59 F. App'x 406, 409 (2d Cir. 2003) (summary order), I conclude that the reference to defendant's post office box address would not mislead the least sophisticated consumer.

Perhaps recognizing the weakness of her argument, plaintiff changes her position midway through her opposition brief, arguing instead that the letter actually *overemphasizes* a consumer's right to dispute debts by telephone, and thus misleads a consumer into believing that she may obtain other rights—including the verification of debt—simply by lodging an oral dispute. *See*

Pl.'s Opp'n 7–12. Even if it is proper for plaintiff to make this argument in the alternative,[4] I conclude that it is meritless. Ultimately, plaintiff's argument rests upon a fundamental disagreement with the "bifurcated" scheme that was expressly endorsed by the Second Circuit in *Hooks*. Yet the *Hooks* decision is binding law; there, the court explicitly acknowledged that its decision established a two-level dispute process, in which consumers obtain certain rights by making oral disputes but are only able to obtain other rights, pursuant to section 1692g(a)(4), when their disputes are made in writing. 717 F.3d at 286; *see also Thomas*, 2017 WL 5714722, at *6 ("[T]he Second Circuit held that the language of the FDCPA does not mislead consumers despite its 'complex' scheme and language."). Plaintiff cites to numerous cases decided by courts within the Third Circuit, but those cases are entirely irrelevant, as the Third Circuit disagrees with the *Hooks* court and has read a "writing" requirement into *all* dispute-related provisions of section 1692g. *See Graziano*, 950 F.2d at 112.[5] Here, the letter contains defendant's post office box address and phone number, along with a proper validation notice that lays out the consumer's

---

[4] Plaintiff's argument that the letter "expressly tells consumers to submit disputes by phone," Pl.'s Opp'n 11, is explicitly contradicted by the factual allegations contained in her complaint, where she alleges that the letter "would lead an unsophisticated consumer to conclude that her option to dispute the debt[] could only be in writing." Compl. ¶ 16. *Cf. Thomas v. Kamtek, Inc.*, 143 F. Supp. 3d 1179, 1189 (N.D. Ala. 2015) ("Alternative pleading does not permit a plaintiff to make factual contradictions that conflict with legal conclusions on essential elements of the claim . . . ."); *Timm, Inc. v. Bank One Corp., N.A.*, No. 04 C 3541, 2005 WL 2347231, at *2 (N.D. Ill. Sept. 22, 2005) ("[A] plaintiff can plead himself out of court by pleading facts that undermine the allegations set forth in the complaint.").

[5] To the extent that the other cases cited by plaintiff are not foreclosed by the holding in *Hooks*, they involve distinguishable factual situations where the debt collectors sent subsequent letters that encouraged consumers to call the debt collectors rather than submit disputes in writing. *See, e.g.*, *Beaufrand v. Portfolio Recovery Assocs., LLC*, No. 18-CV-214, 2018 WL 6065355, at *5 (holding that a second letter sent by the defendant violated the FDCPA because at the time it was sent the unsophisticated consumer would be unlikely to remember the details of the validation notice contained in the first letter). Here, plaintiff received just one letter from defendant, and it is undisputed that the letter contained the proper validation notice.

rights regarding disputes and her ability to obtain verification of the debt; there is nothing in the letter that encourages the consumer to make disputes using one form over the other, or that misconstrues the rights that attach to each form of dispute-making. *Cf. Vu v. Diversified Collection Servs, Inc.*, 293 F.R.D. 343, 359 (E.D.N.Y. 2013) ("The mere provision of a telephone number or a request that the consumer contact the debt collector . . . does not necessarily overshadow the notice that the consumer can assert certain rights only in writing.").

As a result, I conclude that plaintiff has failed to demonstrate that defendant's letter violates section 1692g.

### III. Plaintiff has failed to state a claim under 15 U.S.C. § 1692e.

Plaintiff's complaint also asserts that the debt collection letter she received violates section 1692e of the FDCPA because the letter's instruction that consumers send "payment and correspondence" to defendant's post office box address amounted to a "false, deceptive, or misleading representation" or a "false representation or deceptive means to collect or attempt to collect any debt." §§ 1692e, 1692e(10). "When engaging in a Section 1692e analysis, 'several . . . circuit courts, as well as a number of district courts in this Circuit, read a materiality requirement into the FDCPA's prohibition of false, deceptive, or misleading practices in the collection of a debt.'" *Vetrano*, 2016 WL 4083384, at *9 (citing *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012) (summary order) (alteration in original); *see also Abramov*, 54 F. Supp. 3d at 278 ("Although the Second Circuit has not formally read a materiality requirement into § 1692e, it has cited with approval a Fourth Circuit case doing just that . . . ."). "The 'operative inquiry' . . . is whether 'the hypothetical least sophisticated consumer could reasonably interpret' the challenged statement . . . to represent, incorrectly, that a debt dispute must be made in writing." *Lotito*, 2014 WL 4659464, at *8 (citing *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir.

15

2012)).

For largely the same reasons that plaintiff fails to state a claim under section 1692g, she also fails to demonstrate that she is entitled to relief under section 1692e. Plaintiff's section 1692e claim rests on language in the debt collection letter that I have already determined is not misleading and would not lead an unsophisticated consumer to be uncertain as to her rights. The letter's instruction to consumers to send physical mail to a specific address—paired with the letter's repeated disclosure of defendant's phone number and a properly-conveyed validation notice—is not susceptible to misinterpretation by the least sophisticated consumer, and therefore it does not violate section 1692e. *See, e.g.*, *Vetrano*, 2016 WL 4083384, at *10 (concluding that plaintiff could not state a claim under section 1692e because the challenged language would not "deceive or mislead the least sophisticated consumer when read within the context of the entire collection letter").

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's complaint is granted in its entirety. The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

Date: February 19, 2019 _____/s/_____
      Brooklyn, New York                                Allyne R. Ross